A. D. GRANGER COMPANY, Respondent, v. THE UNIVERSAL MACHINERY CORPORATION, LTD., Appellant.— The contract was not closed by the marconigram sent by defendant to plaintiff on November 8, 1915. That read: " We accept your proposal two hundred Fairbanks type eighteen inch swing nine foot bed. Official order follows." The official order was, therefore, part of the communication. This by its terms proposed several changes as conditions to the contract. It amounted, therefore, to a counter proposal. The letters and messages that followed resulted in a final agreement, and the contract is found in the letters, cables and marconigrams that passed between the parties, being plaintiff's exhibits 1 to 44 inclusive. The official order was for 100 lathes only, and contained the following clause, which became an element of the contract: " This order is to be followed by a similar order for 100 lathes equipped as above, when 50 of the first order have been delivered, according to contract." The interpretation of the contract is that it is for 200 lathes, but that the obligation to give the order for the second 100 is conditioned on 50 of the first order being delivered according to contract. There is, therefore, in the case a question of fact whether the 50 delivered were according to contract. The acceptance of them by defendant is evidenced by way of admission that they were according to contract, but is not conclusive. It was error, therefore, to reject the evidence on this point contained in the deposition

of the witness Selbach and offered by defendant. The invalid reason given by defendant for terminating the contract, *i. e.*, that it was optional with it to order the second hundred, did not estop it from showing other facts justifying its action. The evidence contained in the deposition, that specifications were mailed by defendant to plaintiff, was sufficient to require their admission as evidence if they were material and relevant to the issue raised by the pleading; but as they are not contained in the case we cannot pass on their relevancy. This must be determined on the new trial granted; and if they are admitted a question of fact will be presented whether they were received by plaintiff. The 3d, 4th, 5th, 6th and 8th findings of fact are reversed, and in their place this court makes the following finding of fact: " The contract between the parties is contained in plaintiff's exhibits 1 to 44 inclusive, which are made a part of this finding as if written at length herein." The interpretation of the contract and the admissibility of the excluded evidence thereupon becomes a question of law. Judgment reversed and new trial granted, costs to abide the event. Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ., concurred. Order to be settled before Mr. Justice Blackmar.